# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JESSE KYLE KEITH,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:23CV00040 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **J. C. STREEVAL, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Jesse Kyle Keith, Pro Se Petitioner.*

The plaintiff, Jesse Kyle Keith, an incarcerated person proceeding pro se, filed this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Keith alleges that he has been subjected to unconstitutional living conditions while in solitary confinement. After reviewing the record, I find that this action must be summarily dismissed.

I.

Keith alleges that on May 1, 2021, officials at USP Lee placed him in the solitary confinement area of the prison known as the Special Housing Unit (SHU), pending an investigation. Compl. 7, ECF No. 1. After several months, officials charged him with a disciplinary offense. Thereafter, he remained in the SHU for

---

[1] When he filed his Complaint, Keith was confined at the United States Penitentiary Lee (USP Lee), located within this judicial district.

additional months, waiting for the disciplinary charge to be processed. As of January 2023, when he filed this action, he was still waiting for a disciplinary hearing. He claims that these actions by unspecified individuals have violated his right to due process.

Keith also claims that the conditions in the SHU at USP Lee have violated his constitutional rights. He alleges that inmates in this status have no internal progression and cannot possess photos of family members, radios or other electronics. Keith also alleges that SHU inmates are denied reading materials or personal publications other than one book every 4–8 weeks, and that they have not been allowed recreation signup for six months. He asserts that USP Lee Warden J. C. Streeval "is abusing his discretion by not allowing a reasonable amount of property or commissary which is the difference between a punitive and non-punitive status." *Id.* at 8. Keith contends that "[t]he totality of the conditions of confinement coupled with the duration and [his] mental health status is cruel and unusual punishment." *Id.*

In this action, Keith sues Streeval and unspecified "John Doe" administrative officials at the regional and central levels of the prison administration "as well as legal staff responsible for following any case referred for prosecution to ensure all prosecutions are timely." *Id.* As relief, he seeks "[r]estoration of [his] due process and any damages or sanctions monetary or otherwise the court decides." *Id.*

II.

The court must dismiss any complaint or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). In *Bivens*, the Supreme Court recognized an implied damages remedy against federal officers for Fourth Amendment violations regarding a warrantless search and arrest. 403 U.S. at 397. The Supreme Court has explicitly recognized only two other claims actionable under the *Bivens* rubric: *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing Eighth Amendment claim based on failure provide care for a serious medical condition); *Davis v. Passman*, 442 U.S. 228 (1979) (recognizing a Fifth Amendment claim based on sex discrimination). Otherwise, the Supreme Court has expressly rejected attempts to expand *Bivens* to cover other alleged constitutional violations. *Hernandez v. Mesa*, 140 S. Ct. 735 (2020) (no *Bivens* remedy for cross-border shooting by federal officer); *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) (*Bivens* remedy not available in action seeking damages following government hold-until-cleared order detaining illegal aliens following 9-11 attack).

While the *Bivens* remedy still exists, extending that remedy to cover additional types of claims is now characterized as "a disfavored judicial activity." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (internal quotation marks and citation

omitted). When reviewing a potential *Bivens* claim, the court must (a) determine whether the proposed claim is an extension of one of the three recognized claims such that it arises in a new context; and (b) if so, determine whether special factors exist that counsel hesitation to grant the extension. *Ziglar*, 137 S. Ct. at 1857–58. In considering an expansion of *Bivens*, "the most important question is who should decide whether to provide for a damages remedy, Congress or the courts? If there is a rational reason to think that the answer is 'Congress' — as it will be in most every case, — no *Bivens* action may lie." *Egbert*, 142 S. Ct. at 1803 (internal quotation marks and citations omitted).

Applying the analysis and holding of *Egbert*, the Fourth Circuit has held that claims alleging unconstitutional prison conditions represent an extension of the *Bivens* remedy and that any decision regarding such an extension appropriately lies with the political branches of government, not the courts. *Tate v. Harmon*, 54 F.4th 839, 845–48 (4th Cir. 2022). The plaintiff in the *Tate* case, also confined in the SHU at USP Lee, claimed unconstitutional conditions — including denial of out-of-cell time, extraordinary cold temperatures, "soiled and inadequate bedding," unusable toilet paper, and inadequate cleaning supplies. *Id.* at 842. The court in *Tate* characterized these conditions claims as "seek[ing] to impose liability on prison officials on a systemic level, implicating the day-to-day operations of prisons, affecting the scope of the officials' responsibilities and duties, and implicating

policy, administrative, and economic decisions." *Id.* at 848. The court concluded that the claims arose in a new context and that "the political branches are indeed better equipped to decide whether existing remedies should be augmented by the creation of a new judicial remedy" for such claims. *Id.*

After carefully considering Keith's allegations about the conditions he has faced while in confinement in the SHU pending a disciplinary investigation, I find that the *Tate* case controls my decision. Imposing liability on prison officials for such administrative restrictions as temporary limitations on personal property, commissary items, out-of-cell activities, and other privileges must be reserved for the expertise of prison officials or the legislative branches and not the judiciary. Thus, I conclude that the *Bivens* remedy cannot be extended to cover Keith's claims for monetary damages arising from the claimed living conditions in the SHU.

I also find that Keith's due process claim is incomplete and premature. He has not provided any details about the disciplinary charge, the penalty or penalties imposed, or the potential for criminal charges. The mere lapse of time since his placement in the SHU or since his disciplinary charge does not demonstrate that a protected liberty interest is at stake or that he has been denied any federally required procedural protections related to the disciplinary charge. *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995) (holding that state statutes create liberty interest warranting federal due process protections only if they protect against status changes that

impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or "inevitably affect[] the duration of" the inmate's confinement"). Furthermore, in the federal prison setting, a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241, rather than a civil rights action, is the appropriate remedy if a federally incarcerated person challenges the length of his term of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). When disciplinary proceedings are completed, if Keith believes that he was denied due process protections, he may pursue a § 2241 petition only after he has pursued available administrative remedies. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-91 (1973). His current due process claims, however, must be now summarily dismissed as unexhausted and conclusory.

### III.

For the stated reasons, I will summarily dismiss this action, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED: May 5, 2023

/s/ JAMES P. JONES
Senior United States District Judge